U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2016 APR 25  PM 4: 19

CLERK

| | |
|---|---|
| THE SPORN COMPANY, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>BRIGHTON COLLECTIBLES, LLC, )<br><br>Defendant. ) | Civil Action No. 1:16-cv-118 ~~BY~~ ~~DEPUTY CLERK~~<br><br>COMPLAINT FOR<br>TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT AND JURY DEMAND

Plaintiff The Sporn Company, Inc. ("Plaintiff") for its Complaint against Defendant

Brighton Collectibles, LLC ("Defendant"), alleges as follows:

### Nature of Action

1.     This action arises out of Defendant's knowing and willful infringement of

Plaintiff's DEVOTION marks for jewelry and retail store services featuring jewelry and

diamonds by using the confusingly similar marks DEVOTION and DEVOTION BY

BRIGHTON in connection with jewelry.

2.     Plaintiff asserts claims against Defendant for trademark infringement under

Section 32 of the Lanham Act, 15 U.S.C. § 1114; for unfair competition and false designation

of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantial and

related claims under Vermont common law.

3.     Plaintiff seeks injunctive relief to prevent further use by Defendant of

DEVOTION and DEVOTION BY BRIGHTON, as well as monetary relief in the form of

Defendant's profits, Plaintiff's damages, attorneys' fees, interest, and such other relief as the

Court deems just and proper.

Downs
Rachlin
Martin PLLC

Parties

4.      Plaintiff is a corporation organized and existing under the laws of New York, with a principal place of business at 227 Main Street, Burlington Vermont 05401.

5.      On information and belief, Defendant is a limited liability company organized under the laws of Delaware, with a principal place of business at 14022 Nelson Avenue, City of Industry, California 91746.

Jurisdiction and Venue

6.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7.      This Court has personal jurisdiction over Defendant because Defendant conducts business transactions in this State, and is engaged in infringing activities in this State.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this district, and Defendant's transactions in this district constitute a substantial part of the events giving rise to Plaintiff's complaint.

Facts

9.      Plaintiff is a jewelry company.  Plaintiff currently sells jewelry, including rings, necklaces, earrings, and diamonds under the mark DEVOTION at its flagship store in Garden City, New York.  Plaintiff's DEVOTION jewelry is also sold through retail stores in

2

Downs
Rachlin
Martin PLLC

Vermont and New York as well as through wholesale channels.  Customers can also shop for DEVOTION jewelry on Plaintiff's website at http://devotiondiamonds.com/.

10.     Plaintiff's predecessor in interest began use of the mark DEVOTION to identify jewelry at least as early as September 2004.  Plaintiff currently uses the mark DEVOTION in the United States in connection with jewelry, diamonds and associated retail store services.

11.     Plaintiff is the owner of an incontestable federal trademark registration for the mark DEVOTION on the Principal Register of the United States Patent and Trademark Office ("USPTO") to identify "jewelry," in Class 14.  Registration No. 3,006,585 issued on October 11, 2005.  Attached hereto as **Exhibit A** is a true and correct copy of this registration for the mark DEVOTION.

12.     Plaintiff is also the owner of a federal trademark registration for the mark DEVOTION on the Principal Register of the USPTO to identify "Retail store services featuring jewelry and diamonds; wholesale store services featuring jewelry and diamonds," in Class 35.  Registration No. 4,818,222 issued on September 22, 2015.  Attached hereto as **Exhibit B** is a true and correct copy of this registration for the mark DEVOTION.

13.     Plaintiff is also the owner of a pending federal trademark application for the mark DEVOTION on the Principal Register of the USPTO to identify "online retail store services featuring jewelry and diamonds; online wholesale store services featuring jewelry and diamonds," in Class 35.  Application Serial No. 86/712,889, filed on August 3, 2015 and allowed December 29, 2015.  Attached hereto as **Exhibit C** is a true and correct copy of this application for the mark DEVOTION.

14.     Plaintiff owns the marks described in paragraphs 10 through 13 above, and the

3

Downs
Rachlin
Martin PLLC

goodwill and reputation of the goods and services connected with and symbolized by these marks (collectively, the "DEVOTION Marks.")

15.     On information and belief, Defendant is a company that sells jewelry, charms, handbags, accessories, and home and gift items, via its website at http://www.brighton.com/, through a network of retailers nationwide, including stores located in Vermont and New York, and also via online retail stores such as Amazon.

16.     On information and belief, Defendant uses the marks DEVOTION and DEVOTION BY BRIGHTON in connection with a collection of products, including earrings, necklaces, bracelets and other jewelry.  True and correct screenshots of Defendant's website at http://www.brighton.com/collections/732/1/devotion.html and http://www.brighton.com/content/721/devotion.html are attached hereto as **Exhibit D**.

17.     On information and belief, Defendant selected, has used, and continues to use the marks DEVOTION and DEVOTION BY BRIGHTON with actual and constructive knowledge of Plaintiff's ownership of and exclusive rights to use the DEVOTION Marks and with the intent to trade off the significant goodwill symbolized by, and the strong industry recognition of, the DEVOTION Marks.

18.     On information and belief, Defendant commenced use of the marks DEVOTION and DEVOTION BY BRIGHTON after Plaintiff and its predecessor in interest commenced use of the DEVOTION Marks, and after the trademark application resulting in Plaintiff's Registration No. 3,006,585 for DEVOTION was filed with the USPTO.  As a result, Plaintiff has priority.

4

Downs
Rachlin
Martin PLLC

19.     On January 22, 2016, Plaintiff, through its attorneys, sent a letter to Defendant notifying it of Plaintiff's rights in the DEVOTION Marks and demanding that Defendant immediately cease all use of the mark DEVOTION.

20.     Defendant has not responded substantively to Plaintiff's letter, and Defendant has not ceased use of DEVOTION.

## COUNT I
### Federal Trademark Infringement

21.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 above as if fully set forth herein.

22.     Defendant's conduct as described above is likely to cause confusion, or to cause mistake, or to deceive and therefore constitutes infringement of Plaintiff's federally registered marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     As alleged above, Plaintiff has valid federal trademark registrations for the mark DEVOTION.

24.     Defendant's use of the marks DEVOTION and DEVOTION BY BRIGHTON in connection with the same and/or highly related items sold to the same types of consumers through the same channels of trade is likely to cause confusion or mistake or to deceive consumers as to the source or origin of Defendant's goods.

25.     Defendant's wrongful acts have permitted or will permit it to make sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition and goodwill.

26.     Defendant's actions in violation of Plaintiff's trademark rights have been deliberate, willful, and in complete disregard of Plaintiff's rights.

27.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has

5

been and will be deprived of the value of its federally registered DEVOTION Marks as an asset.

28.    Plaintiff has been and will continue to be damaged by Defendant's wrongful acts unless the Court enjoins Defendant's acts. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**

29.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 above as if fully set forth herein.

30.    The conduct of Defendant described above constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.    As alleged above, Plaintiff has valid and protectable common law rights in the DEVOTION Marks. On information and belief, Plaintiff and Plaintiff's predecessor in interest started to use the marks in the United States prior to Defendant's first use of the marks DEVOTION or DEVOTION BY BRIGHTON.

32.    Defendant's use of the marks DEVOTION and DEVOTION BY BRIGHTON is likely to cause confusion as to the origin of Defendant's goods, and has caused and is likely to cause others to believe that there is a relationship between Defendant and Plaintiff.

33.    On information and belief, Defendant's conduct is willful, deliberate and in bad faith, undertaken with full knowledge of Plaintiff's rights.

34.    Defendant's wrongful acts have permitted or will permit it to receive profit based upon the strength of the reputation of Plaintiff and the substantial goodwill it has built up in its DEVOTION Marks.

6

Downs
Rachlin
Martin PLLC

35. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will be deprived of the value of its DEVOTION Marks as an asset.

36. Plaintiff has been and will continue to be damaged by Defendant's wrongful acts unless the Court enjoins Defendant's acts. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

## COUNT III
## Common Law Trademark Infringement

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. The conduct of Defendant described above constitutes trademark infringement under the common law of the State of Vermont, and is done in a manner designed to cause confusion in the minds of current and prospective purchasers of Plaintiff's goods and to intentionally trade on Plaintiff's goodwill.

39. On information and belief, Defendant's conduct is willful, deliberate and in bad faith.

40. Defendant's conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

## COUNT IV
## Common Law Unfair Competition

41. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. The conduct of Defendant described above constitutes unfair competition

7

Downs
Rachlin
Martin PLLC

under the common law of the State of Vermont, and is done in a manner designed to cause

confusion in the minds of current and prospective purchasers of Plaintiff's goods and to

intentionally trade on Plaintiff's goodwill.

      43.    On information and belief, Defendant's conduct is willful, deliberate and in

bad faith.

      44.    Defendant's conduct has caused and is causing irreparable injury to Plaintiff

and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the

public.  Plaintiff has no adequate remedy at law for Defendant's continuing violation of

Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1)    Entering judgment for Plaintiff on each of its claims;

2)    Directing that Defendant, its partners, officers, agents, privies, shareholders,

principals, directors, licensees, attorneys, employees, affiliates, subsidiaries, successors and

assigns, and all persons acting in concert or in participation with any of them, be preliminarily

and permanently enjoined from:

      a.  using the DEVOTION mark, the DEVOTION BY BRIGHTON mark, or any

          other mark or designation that is confusingly similar to, or a derivation of or

          colorable imitation of the DEVOTION Marks (collectively, the "Prohibited

          Marks"), including as part of any trademark, service mark, tagline, business name,

          trade name, domain name, URL, keyword, hashtag, or social media handle or

          username;

      b.  making or employing any other commercial use of any of the Prohibited Marks;

8

Downs
Rachlin
Martin PLLC

    c.   applying for or registering any of the Prohibited Marks;

    d.   using any other false designation of origin or false description or representation or any other thing calculated to or likely to cause confusion or mistake in the mind of the public or the media or to deceive the public or the media into believing that Defendant's goods or activities are in any way sponsored, licensed, endorsed, or authorized by, or affiliated, associated or connected with, Plaintiff, or originate from Plaintiff;

    e.   doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead the public or investors into the belief that the goods promoted, offered, or sold by Defendant emanate from or originate with Plaintiff, or are somehow sponsored, licensed, endorsed, or authorized by, or affiliated, associated or connected with, Plaintiff, or originate from Plaintiff; and

    f.   committing any other unfair business practices directed toward obtaining for itself the business and customers of Plaintiff;

3)    Directing that Defendant transfer or cause to be transferred to Plaintiff any domain names owned by Defendant that incorporate any of the Prohibited Marks;

4)    Directing that Defendant deliver up to Plaintiff for destruction, without any compensation to Defendant, all signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in its possession or under its control incorporating, featuring or bearing any Prohibited Marks;

5)    Directing that Defendant, at its own expense, delete the Prohibited Marks from any and all websites, blogs, and social media, including but not limited to Facebook, Twitter, Instagram and Pinterest, and recall from any third parties any materials that violate Plaintiff's

Downs
Rachlin
Martin PLLC

rights in the DEVOTION Marks, and that Defendant deliver up to Plaintiff for destruction all such materials returned to it;

6)      Directing any other such relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or service offered or promoted by Defendant is authorized by Plaintiff or related in any way to Plaintiff or Plaintiff's business, or that Defendant is otherwise affiliated with Plaintiff;

7)      Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty (30) days after entry of judgment, a sworn written statement setting forth in detail the manner and form in which Defendant has complied with paragraphs 2 through 6 above;

8)      Directing Defendant to account for any of its profits, gains, property and advantages attributable to the unlawful conduct;

9)      Awarding Plaintiff such damages that it has sustained or will sustain by reason of Defendant's unlawful conduct;

10)      Pursuant to 15 U.S.C. § 1117(a), awarding Plaintiff an amount up to three times the amount of actual damages sustained as a result of Defendant's violations of the Lanham Act;

11)      Awarding Plaintiff the costs of this action including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and applicable state law;

12)      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums; and

13)      Awarding Plaintiff such other and further relief as the Court deems just and proper.

10

Downs
Rachlin
Martin PLLC

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury.

Dated at Burlington, Vermont this 25th day of April, 2016.

DOWNS RACHLIN MARTIN PLLC

Matthew S. Borick
mborick@drm.com
Cathleen E. Stadecker
cstadecker@drm.com
199 Main Street
PO Box 190
Burlington, VT 05402-0190
Phone: 802.863.2375
Fax: 802.862.7512

Attorneys for Plaintiff The Sporn
Company, Inc.

16643341.1

11

Downs
Rachlin
Martin PLLC